PROB 12
(02/05-D/CO)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

U. S. A. vs. David Wayne Leyden                                          Docket Number: 01-cr-00198-WYD-01

**Amended Petition for Violations of Supervised Release**

COMES NOW, Michael Wilson, probation officer of the Court, presenting an official report upon the conduct and attitude of David Wayne Leyden who was placed on supervision by the Honorable Wiley Y. Daniel sitting in the Court at Denver, Colorado on the 16th day of November, 2001, who fixed the period of supervision at 3 years, and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer, unless the defendant is in compliance with the installment payment program.

2. The defendant shall not be employed in the printing industry and shall not be employed in any fiduciary position. The defendant's employment must be approved in advance by the probation officer.

The Court further ordered restitution of $1,304,296.52 to be paid at a rate of at least $500 each month.

RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:
(If short insert here: if lengthy write on separate sheet and attach)

See attached hereto and herein incorporated by reference.

PRAYING THAT THE COURT WILL ORDER that the petition of December 12, 2006, be amended to vacate Charge 2. therein and incorporate Charges 2. through 7. as attached herein.

ORDER OF THE COURT

| | |
|---|---|
| Considered and ordered this 5th day of January, 2007, and ordered filed and made a part of the record in the above case. | I declare under penalty of perjury that the foregoing is true and correct. |
| | s / Michael Wilson |
| | Michael Wilson |
| | U. S. Probation Officer |
| s/ Wiley Y. Daniel | |
| Wiley Y. Daniel | Place: Denver, Colorado |
| U. S. District Judge | |
| | Date: January 5, 2007 |

PROB 12
(02/05-D/CO)

ATTACHMENT

On September 25, 2006, the conditions of supervised release were read and explained to the defendant. On that date he acknowledged in writing that the conditions had been read to him, that he fully understood the conditions, and had been provided a copy of them. The term of supervised release commenced September 25, 2006.

1.     **Incurring New Credit Charges:**

On or about October 5, 2006, October 8, 2006, and October 11, 2006, the defendant submitted credit applications with intent to obtain money or financing, and on or about October 14, 2006, the defendant received funding of same in the amount of $25,000 and in so doing, incurred a debt with interest of $41,053.68. This is a violation of the Special Condition prohibiting the defendant from incurring new credit charges, and constitutes a Grade C violation of supervised release.

This charge is based on the following facts:

On October 27, 2006, the probation officer observed in plain view a number of BMW 330 model coupe loan-related documents during an unscheduled home contact at 4900 East 28th Avenue in Denver. The vehicle was observed in the garage at this address. Follow up on this documentation, coupled with additional interviews with the defendant, yielded additional information.

On September 29, 2006, the defendant completed a credit application at Kids Auto of Denver. The credit application completed by the defendant falsely claimed employment as a "GM" at a beauty salon earning "$4500 bi-weekly."

On October 5, 2006, the defendant caused to be transmitted a credit application to two lenders: 1.) Capital One / Auto Finance and 2.) AmeriCredit. These submissions were in connection to his interest in buying a car at Mike Shaw Chevrolet - Saab of Denver. The credit applications submitted falsely claimed employment as a "General Manager" at Salon L'kai earning "$4500 monthly." In actuality, the salon in question is a sole proprietor shop with one hair cutting chair. According to the salon owner, the defendant never received a salary, but briefly accepted informal periodic cash payments and loans totaling approximately $500. Under the application heading of "previous employment," the defendant falsely claimed, "Synergy Group LTD," and time employed as "10 yrs 0 mos" as a "GENERAL  MANGER (sic)/ PARTNER." In fact, this corporation was listed for the first time with the Colorado Secretary of State's Office on November 21, 2006. According to the dealership, both lenders approved the application.  As reflected in paragraph 105 of the most recently prepared presentence report, case 03-cr-182, "As noted in the Information and in the Plea Agreement, the defendant had no legitimate means of support from on or about June 1996, through March 1, 2001."

On  October 8, 2006, the defendant caused to be transmitted a credit application to RoadLoans, aka Triad Financial Corporation. The credit application submitted by the defendant falsely claimed employment at Salon L'kai for "2 yrs 2 mos." On October 11, 2006, this was supplemented by a fax from Glauser Mercedes-Benz of Westminster, Colorado. The otherwise undated document reflects the defendant's apparent signature in the section titled "My Employment Information" wherein the defendant falsely claims Salon L'kai employment. Further, this section requires that "If  less than 1 year at current employer, you must provide 12 months of job history."  The defendant made no notations in the section provided under the heading "My Previous Employment." This loan application was approved, and the defendant accepted the terms, which included a 17.99% interest rate,  resulting in a $25,000 payment to the Mercedes-Benz dealership as part of the (financing charge included) $41,053.68 debt incurred by the defendant. The probation office file contains a copy of the check, signed by the defendant and dated October 14, 2006. During multiple conversations with the probation officer beginning October 27, 2006, the defendant acknowledged submitting an on-line credit application to "RoadLoans." The defendant recently advised that his new employer has agreed to obtain a loan and purchase this vehicle from the defendant, and thus unburden the defendant of  this debt.

PROB 12
(02/05-D/CO)

2. **New Law Violation: False Statement**

On October 13, 2006, the defendant knowingly made material false statements to his U. S. Probation Officer, in violation of 18 U.S.C. 1001, a Class D felony, constituting a Grade B violation of supervised release.

This charge is based on the following facts:

On October 13, 2006, the defendant sent a letter via fax to the U. S. Probation Office in Denver, Colorado in the name of claimed employer, L'kai Johnson. The letter, falsely presented as if written by Mr. Johnson, asserted that the defendant worked at Salon L'kai. The defendant followed up the faxing of this letter with a voice mail telephone message to the probation officer less than an hour later affirming the faxed letter. On October 16, 2006, the probation officer was told by salon sole proprietor L'kai Johnson he did not write the letter nor authorize it and that the defendant had not worked at the salon since October 3, 2006. On November 28, 2006, Mr. Johnson reiterated that the letter was not from him. The salon is a single employee shop with one hair cutting chair.

3. **New Law Violation: False Statement**

On October 27, 2006, the defendant knowingly made material false statements to his U. S. Probation Officer, in violation of 18 U.S.C. 1001, a Class D felony, constituting a Grade B violation of supervised release.

This charge is based on the following facts:

On October 27, 2006, the defendant falsely asserted that he had not purchased a car during an encounter at his home. During this home contact, paperwork pertaining to the purchase of a 2002 BMW coupe was observed in his room. When questioned about the paperwork, the defendant falsely stated that he was considering such a purchase with the help of his roommate. In fact, the defendant had already completed the purchase on his own and at that moment the car was parked in his garage. Only when the defendant was confronted with loan papers and a billing-type statement (collected moments earlier in his room) did he admit to the financed purchase of the car.

4. **New Law Violation: False Statement**

On November 20, 2006, the defendant knowingly made material false statements to his U. S. Probation Officer, in violation of 18 U.S.C. 1001, a Class D felony, constituting a Grade B violation of supervised release.

This charge is based on the following facts:

On November 20, 2006, the defendant was twice asked if he was pursuing any income generating activities or business deals, (other than his work with Allen Construction Management). On each occasion he answered falsely in the negative.

Contrary to the defendant's assertions, and without probation office knowledge, on or about October 19, 2006, the defendant signed three real estate documents entitled, "Contract To Buy And Sell Real Estate (Residential)" with a combined total sales price of $1,195,000 in the name of Triton Holding Group of 6 Front Street Hamilton, Bermuda. The defendant's probation file contains copies of same. The documents pertain to residential properties at 651 Fraser Street Aurora, Colorado 80011, 14026 East 22nd Place Aurora, Colorado 80011, and 14046 East 22nd Place Aurora, Colorado 80011.

PROB 12
(02/05-D/CO)

5. **New Law Violation: False Statement**

On November 22, 2006, the defendant knowingly made material false statements to his U. S. Probation Officer, in violation of 18 U.S.C. 1001, a Class D felony, constituting a Grade B violation of supervised release.

This charge is based on the following facts:

On November 22, 2006, the defendant was contacted at his place of employment, and asked if he was pursuing any other income generating activities or business deals. He falsely answered in the negative.

As noted above in Charge 4., on or about October 19, 2006, the defendant signed three real estate documents entitled "Contract To Buy And Sell Real Estate (Residential)" with a combined total sales price of $1,195,000 in the name of Triton Holding Group of 6 Front Street Hamilton, Bermuda. The defendant's probation file contains copies of same.

Additional evidence of undisclosed business dealings occurred the day before this November 22, 2006, probation interview. On November 21, 2006, documents were created with the Colorado Secretary of State's Business Center establishing Synergy Group Trust LLC, reflecting David Leyden as Registered Agent and "the person forming the limited liability company." It lists his home address of 4900 East 28th Avenue Denver, Colorado as the Principal Office address. Further evidence of this business is contained within a resume submitted in connection to employment seeking efforts by the defendant. The resume falsely claims employment as Senior Partner with "Synergy Group Ltd. From 1995 to present."


6. **New Law Violation: False Statement**

On December 1, 2006, the defendant knowingly made material false statements to his U. S. Probation Officer, in violation of 18 U.S.C. 1001, a Class D felony, constituting a Grade B violation of supervised release.

This charge is based on the following facts:

On December 1, 2006, the defendant was asked if he was pursuing any other sources of income (other than his job at Allen Construction Management), or pursuing employment applications. He falsely answered in the negative to both questions.

As noted in Charge 4. above, on or about October 19, 2006, the defendant signed three real estate documents entitled "Contract To Buy And Sell Real Estate (Residential)" with a combined total sales price of $1,195,000 in the name of Triton Holding Group of 6 Front Street Hamilton, Bermuda. The defendant's probation file contains copies of same.

As noted above in Charge 5., on November 21, 2006, documents were filed with the Colorado Secretary of State's Business Center establishing Synergy Group Trust, LLC, listing David Leyden as Registered Agent and "the person forming the limited liability company." Further evidence of this business is contained within a resume submitted in connection to employment seeking efforts by the defendant which falsely claims employment as Senior Partner with "Synergy Group Ltd. From 1995 to present."

PROB 12
(02/05-D/CO)

7.     **New Law Violation: False Statement**

On December 6, 2006, the defendant knowingly made material false statements to his U. S. Probation Officer, in violation of 18 U.S.C. 1001, a Class D felony, constituting a Grade B violation of supervised release.

This charge is based on the following facts:

On December 6, 2006, the defendant was asked if he had worked for or applied for work with any printing businesses. He was also asked if he had pursued any business deals or signed any contracts. On each occasion he falsely answered in the negative.

On December 6, 2006, the defendant was asked if he had applied for any jobs within the printing business. He falsely replied that he had applied only for a car sales position at a single car dealership. In fact, without probation office knowledge or permission, on or about November 15, 2006, the defendant was participating in a second job interview at Colorado Printing Company in Grand Junction, Colorado. He has been described as flying there at company expense.  His first interview is said to have been in Denver. Further, he corresponded with this Court-prohibited employer and also apparently discussed salary requirements. The defendant is subject to a your Honor's  special condition, "The defendant shall not be employed in the printing industry and shall not be employed in any fiduciary position. The defendant's employment must be approved in advance by the probation officer."

As noted above in Charge 4., on or about October 19, 2006, the defendant signed three real estate documents entitled "Contract To Buy And Sell Real Estate (Residential)" with a combined total sales price of $1,195,000 in the name of Triton Holding Group of 6 Front Street Hamilton, Bermuda. The defendant's probation file contains copies of same.

As noted in Charge 5. above, on November 21, 2006, documents were filed with the Colorado Secretary of State's Business Center establishing Synergy Group Trust, LLC, listing David Leyden as Registered Agent and "the person forming the limited liability company." Further evidence of this business is contained within a resume submitted in connection to employment seeking efforts by the defendant which falsely claims employment as Senior Partner with "Synergy Group Ltd. From 1995 to present."