# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation Supervised Release**) |
| v. | Case Number:  01-cr-00198-WYD-01 |
| DAVID WAYNE LEYDEN | USM Number:  30384-013 |
| | Matthew C. Golla, AFPD<br>(Defendant's Attorney) |

**THE DEFENDANT:** Admitted guilt to violation 1, as alleged in the probation officer's petition.

The defendant is adjudicated guilty of this violation:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1 | Incurring New Credit Charges | 10/14/06 |

    The defendant is sentenced as provided in pages 2 through 8 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

    Violations 2, 3, 4, 5, 6, and 7 are withdrawn.

    It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

    It is further ordered that the Addendum to this judgment, which contains the defendant's social security number, residence address and mailing address, shall be withheld from the court file and retained by the United States Probation Department.

April 27, 2007
Date of Imposition of Judgment

s/ Wiley Y. Daniel
Signature of Judge

Wiley Y. Daniel, U.S. District Judge
Name & Title of Judge

May 16, 2007
Date

DEFENDANT:  DAVID WAYNE LEYDEN
CASE NUMBER:  01-cr-00198-WYD-01                                              Judgment-Page 2 of 8

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of nine (9) months.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By_____

DEFENDANT:  DAVID WAYNE LEYDEN
CASE NUMBER:  01-cr-00198-WYD-01               Judgment-Page 3 of 8

                                        Deputy United States Marshal

DEFENDANT:  DAVID WAYNE LEYDEN
CASE NUMBER:  01-cr-00198-WYD-01                                                            Judgment-Page 4 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of twenty-seven (27) months.

The defendant must report to the probation office in the district to which he is released within 72 hours of his release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The drug testing condition required by 18 U.S.C. § 3583(d) is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons.
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

DEFENDANT:  DAVID WAYNE LEYDEN
CASE NUMBER:  01-cr-00198-WYD-01                                                Judgment-Page 5 of 8

9) The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.
14) The defendant shall provide the probation officer with access to any requested financial information.

## ADDITIONAL CONDITIONS OF SUPERVISION

1) The defendant shall participate in a program of mental health treatment, as directed by the probation officer, until he is released from the program by the probation officer.  The defendant shall pay the cost of treatment as directed by the probation officer.  The court authorizes the probation officer to release to the treatment agency all psychological reports and/or the presentence report, for continuity of treatment.
2) The defendant shall not apply for or incur new credit charges or apply for or open additional lines of credit without the advance approval of the probation officer.
3) The defendant shall not apply to, or be employed in, the printing industry, and shall not be employed in any fiduciary position.  The defendant shall not apply for any employment without approval in advance by the probation officer.  The defendant's employment, and any other activity or business intended to generate income for himself or another, must be approved in advance by the probation officer.

DEFENDANT:  DAVID WAYNE LEYDEN
CASE NUMBER:  01-cr-00198-WYD-01                                          Judgment-Page 6 of 8

## MONETARY OBLIGATIONS

The defendant must pay total monetary obligations under the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 3 | $0.00 | $0.00 | $1,304,196.52 |
| **TOTALS** | $0.00 | $0.00 | $1,304,196.52 |

The defendant shall pay $1,304,196.52 restitution to the victims named in the original Judgment Order.  Restitution is due and payable during the term of incarceration and any unpaid balance shall be paid in equal monthly installments of at least **$500** during the term of supervised release.  Restitution payments shall be made payable to the Clerk of the Court.  Each victim shall receive an approximately proportional payment based on the victim's share of the total loss.  Disbursement of restitution payments shall be deferred until the balance of the Court registry account totals at least $5,000.

| | | |
|---|---|---|
| **TOTALS** | $0.00 | $1,304,196.52 |

Restitution amount ordered.                                    $1,304.196.52

Interest on the restitution obligation will be waived, upon the court's finding that the defendant does not have the ability to pay interest.

.

DEFENDANT:  DAVID WAYNE LEYDEN  
CASE NUMBER:  01-cr-00198-WYD-01                                                                Judgment-Page 7 of 8

## SCHEDULE OF PAYMENTS

The defendant shall pay the balance of $1,304.196.52 restitution to the victims named in the Judgment Order.  Restitution is due and payable during the term of incarceration, and any unpaid balance shall be paid in equal monthly installments of at least $500 during the term of supervised release.  Restitution payments shall be made payable to the Clerk of the Court.  Each victim shall receive an approximately proportionate payment based on the victim's share of the total loss.  Distribution of restitution payments shall be deferred until the balance of the court registry account totals at least $5,000.

All monetary obligation payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any monetary obligations imposed.

Payments shall be applied in the following order:  (1) special assessment, (2) restitution principal.